# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**TERRY SCOTT FOX,**

      Movant,

      v.

**OHIO ADULT PAROLE AUTHORITY,**

      Respondent.

Civil No. 2:19–cv–206
Judge James L. Graham
Magistrate Judge Kimberly A. Jolson

## ORDER and REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a *pro se* motion under 28 U.S.C. § 2244 for leave to file a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) This case has been referred to the Undersigned pursuant to 28 U.S.C § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

Petitioner has also filed an application for leave to proceed *in forma pauperis*. (Doc. 4.) Upon consideration, the Court finds that application is meritorious, and, therefore, it is **GRANTED**. It is **ORDERED** that Petitioner will be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Petitioner's motion for leave to file a second petition be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

## I. Facts and Procedural History

In his motion, Petitioner indicates that he wishes to challenge his 2013 conviction for gross sexual imposition and intimidation in the Court of Common Pleas for Licking County, Ohio. (Doc., at PAGEID # 1.) Petitioner asserts that his convictions were against the manifest weight of the evidence and that trial counsel rendered ineffective assistance by failing to object to the admission of certain statements. (*Id.*, at PAGE ID ## 3, 5–6.) This is not, however, Petitioner's first request for federal habeas relief. On December 11, 2015, Petitioner filed a petition in this Court challenging the very same conviction. (*Fox v. Warden, Belmont Corr. Inst.*, 2:15–cv–00206, Doc. 1.) In that petition, Petitioner alleged that the evidence was insufficient to support his 2013 conviction (Ground One); ineffective assistance of trial counsel (Ground Two); violations of his Fourth Amendment rights (Ground Three); and prosecutorial misconduct (Ground Four). (*Id.*) On February 17, 2017, Grounds One and Two of the prior petition were dismissed on the merits, Ground Three was dismissed because it was procedurally defaulted and not cognizable; and Ground Four was dismissed because it was procedurally defaulted. (*Id*. at Doc. 18, 21, 23.) Accordingly, the instant petition is clearly a second or successive petition.

## II. Successive Petition

This Court cannot grant Petitioner's motion. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post–conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per*

*curiam* ). Moreover, 28 U.S.C. § 2244(b)(3)(A) clearly provides that only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Id.*

Therefore, this Court is without jurisdiction to grant Petitioner permission to file a second or successive § 2254 petition. Such a motion can only be granted by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will grant such permission only if Petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2).

The Sixth Circuit described the procedure to be followed when a petitioner moves a district court for permission to file a second or successive petition in *In re Sims:*.

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

*Id.* at 47.

### III.    Recommended Disposition

Therefore, it is **RECOMMENDED** that Petitioner's motion be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

### PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation* ("R&R"), that party may, within fourteen days of the date of this R&R, file and serve on all parties written objections to those

specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to this R&R will result in a waiver of the right to have the District Judge review the R&R *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

Date: February 14, 2019      /s/ Kimberly A. Jolson
                             KIMBERLY A. JOLSON
                             UNITED STATES MAGISTRATE JUDGE